IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

KENNETH DEMARCUS CASH, #26626078 §
§
VS. § CIVIL ACTION NO. 4:20cv516
§ CRIMINAL ACTION NO. 4:16cr25(4)
UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Kenneth Demarcus Cash filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his conviction from the Eastern District of Texas, Sherman Division. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a careful review of the case, the Court recommends the § 2255 motion be denied.

I. BACKGROUND

From August 2014 until October 2016, Movant and several co-defendants participated in a violent crime spree involving armed carjackings and home invasions. On July 25, 2025, they invaded a large home in Plano, Texas. They awoke the 77-year-old owner, pointed guns at him, forced him to open his safe, and stole approximately twenty-six guns, jewelry, and a Rolex watch from the owner's arm. They also carjacked the owner's Audi, crashed it into a concrete fountain at the home (damaging both car and fountain), and then abandoned the car. Crim. ECF (Dkt. #262 at 7).

On October 12, 2016, a federal grand jury returned a seventeen-count indictment against Movant and four co-defendants. Movant was named in eleven counts, including Count One - conspiracy to use, carry, and possess firearms during, in relation to, and in furtherance of a crime of violence – specifically, carjacking, in violation of 18 U.S.C. § 924( c) and (o); Count Eight - carjacking, in violation of 18 U.S.C. § 2119; and Count Nine - using, carrying, and possessing firearms during, in relation to, and in furtherance of the July 25, 2015, carjacking, in violation of 18 U.S.C. § 924(c).

After retaining Scott H. Palmer as legal counsel ("Counsel"), Movant entered into a written plea agreement with the Government pursuant to Fed. R. Crim. P. 11(c)(1)( C), in which he agreed to plead guilty to Counts One, Eight, and Nine of the first superseding indictment. Crim. ECF (Dkt. #127). In the agreement, the parties stipulated that a sentence of three hundred months was appropriate. *Id*. at 3. Although the sentencing guideline range for the specific counts was lower than the agreed sentence, the agreement took into consideration that Movant "brandished firearms on other occasions" and that, had Movant "been charged and convicted of these additional firearm offenses, he would have faced a substantially higher sentence [that] would have run consecutively to one another." *Id*. The Government agreed to dismiss the other federal charges against Movant after sentencing. *Id*. at 4. Movant's plea agreement also contained a waiver:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceedings, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

*Id*. at 5. Additionally, the plea agreement states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id*. Movant stated, "I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." *Id*. at 6.

Further, the sealed addendum to the plea agreement stated that, in the "sole discretion" of the Government, there is a possibility that a motion for downward departure under U.S.S.G. § 5K1.1 or a motion for reduction of sentence under Fed. R. Crim. P. 35(b) may be filed if the Government determined "that the defendant has provided substantial assistance in the investigation or prosecution of others and has otherwise complied with the terms of this agreement." Crim. ECF (Dkt. #128 at 1). It further stated that "defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the government." *Id*.

A change-of-plea hearing was held on April 25, 2017, at which time Movant confirmed that he understood the rights he was waiving, the terms and nature of the Rule 11( c)(1)( C) agreement, the appellate waiver, and that no one had coerced him into pleading guilty. Crim. ECF (Dkt. #331 at 21-22). The Magistrate Judge concluded that Movant's guilty plea was knowing and voluntary, and recommended the District Court accept his guilty plea. *Id*. at 29.

A Presentence Report ("PSR") was prepared, noting the agreed-upon term of three hundred months' imprisonment. Crim. ECF (Dkt. #262 at 24). While Counsel filed two objections to the

PSR, Crim. ECF (Dkt. #227), he then withdrew them on February 20, 2018, Crim. ECF (Dkt. #228). In the Notice of Withdrawal, Counsel stated:

> Mr. Cash now desires to withdraw his objections to the Presentence Investigation Report. Undersigned counsel represents to the Court that Mr. Cash's decision to withdraw his objections was made knowingly, intelligently, and voluntarily and after due and careful consideration of the legal and factual aspects of his case.

*Id*.

On April 4, 2018, the District Judge conducted a sentencing hearing in which Movant confirmed that he fully understood the PSR and had no "comments, additions, or corrections." Crim. ECF (Dkt. #330 at 3). When asked about objections to the PSR, Counsel noted that he had filed objections previously, but "based on Mr. Cash's request, I withdrew those objections about a month ago." *Id*. at 4. Movant did not disagree with Counsel.

Additionally, the Government explained how the parties agreed to a three-hundred-month sentence:

> Mr. Palmer has touched on this, your Honor, but just to give the court more clarification as to arriving to the 300-month sentence, Mr. Cash was allowed to plead to certain counts of his indictment that fashioned the guideline range that probation came up with. However, if the court remembers the testimony at [a codefendant's] trial, Mr. Cash was involved in numerous offenses that were either – are going to be dismissed as part of this indictment or were not charged. Mr. Cash also has received the benefit of having his state charges dismissed. Several of these offenses would have resulted in significant time statewide that were not charged as part of the federal offense, your Honor. And for the court's edification, Mr. Cash continued to engage in certain activity after the arrest of some of the other co-conspirators. So, for all of those reasons, your Honor, this is how we fashioned this 300-month agreement.

*Id*. at 7-8).

On April 4, 2018, the District Court issued Final Judgment, finding Movant guilty of: Count One - conspiracy to commit to use, carry, possess firearms during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924( c); Count Eight - carjacking, in violation of

18 U.S.C. § 2119; and Count Nine - use, carry, possess firearms during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Crim. ECF (Dkt. #268 at 1). The District Court sentenced Movant to three hundred months' imprisonment pursuant to the Rule 11(c)(1)(C) agreement. Specifically, on Count One, Movant received two hundred sixteen months; on Count Eight, Movant received one hundred eighty months, to be served concurrently with Count One; and on Count Nine, Movant received eighty-four months, to be served consecutively to Counts One and Eight. *Id* at 2.

Movant did not file a direct appeal, but on April 4, 2019, he filed "Application Pursuant to Title 28 U.S.C. § 2255 In Support of the New Criminal Justice Legislation of 2018 to Correct the Sentencing Guidelines Stemming from The Sentence Imposed Pursuant to The Sentencing Reform Act of 1984, etc." Crim. ECF (Dkt. #300). In this document, Movant sought relief based on the First Step Act of 2018 ("FSA"). He also seemed to raise two claims of ineffective assistance of counsel: Counsel failed to object to the timing of the sentencing hearing, and was somehow ineffective for requesting that Movant pay the balance of his legal fees. *Id*. at 2-6. Because Movant relied on the FSA as a basis for relief, the District Court construed it as an FSA motion, and denied it on May 16, 2019. Crim. ECF (Dkt. #301). By that time, the one-year statute of limitations for filing a § 2255 motion had passed, but in its Order, the District Court stated, "[t]o the extent Defendant is seeking relief under any provision other than §§ 101, 102, or 404 of the FSA 2018, his request is denied without prejudice for refiling as a separate § 2255 motion." *Id*.

On July 6, 2020, more than one year after the District Court denied Movant's FSA motion, Movant filed the instant § 2255 motion. In his motion, he claims that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) invalidated two of the crimes to which he pled

guilty. (Dkt. #1). He also raised several ineffective assistance of claims; specifically, he claims Counsel had a conflict of interest when he "sabotaged the defense," "partnered with the prosecution," and made "extortionate demands" in asking to be paid. He also claims Counsel forced him to plead guilty and testify against a co-defendant, failed to file objections to the PSR, and failed to object to the timing of the sentencing hearing. *Id.* Finally, he asserts the Government breached the plea agreement by manufacturing evidence in the PSR and reneging on a promise to file a motion for reduction in sentence under Rule 35(b). *Id.* The Government filed a Response (Dkt. #8), asserting that Movant's claims are either time-barred, barred from review, or without merit. Movant did not file a Reply.

## II. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant's final judgment issued on April 4, 2018; thus, his notice of appeal was due fourteen days later. Fed. R. App. P. 4(b). Movant did not file a notice of appeal; consequently, the conviction

became final for purposes of § 2255 fourteen days later, on April 18, 2018. The present § 2255 motion must have been filed within one year from the date on which the judgment became final. Accordingly, to be timely, Movant must have filed his § 2255 motion by April 18, 2019.

This case was complicated by Movant's first motion filed in his underlying criminal case that was construed as an FSA motion (the "First Motion"). Filed on April 4, 2019, that motion was timely filed for purposes of a § 2255. Therefore, in an abundance of caution, the Court will consider the two ineffective assistance of counsel claims that relate back to the First Motion – that Counsel failed to object to the timing of the sentencing hearing, and that Counsel requested Movant to pay the full contract price for his legal representation. Crim. ECF (Dkt. #300 at 3-6). Additionally, Movant's claim based on *Davis,* 139 S. Ct. 2319, which the Supreme Court decided on June 24, 2019, is timely,[1] as Movant claims he placed the pending § 2255 motion in the prison's mailing system on June 24, 2020 – within one year of the Supreme Court's decision. As for Movant's additional ineffective assistance of counsel claims, they do not relate back[2] to the two original ineffective assistance of counsel claims raised in the First Motion; thus, they are untimely under the

---

[1] Section 2255 provides a statute of limitations for instances where a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 225(f)(3). In such cases, "an inmate must file a Section 2255 motion within one year of . . . the date on which the right asserted was initially recognized by the Supreme Court." *Id*.

[2] Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings, which applies to amendments of § 2255 motions. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). Under Fed. R. Civ. P. 15 (c), a court may, in its discretion, permit an amendment that clarifies or amplifies a claim or theory in a timely-filed § 2255 motion after the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has expired. *United States v. Thomas*, 221 F.3d 430, 433-34 (3rd Cir. 2000). Conversely, an amendment under Rule 15(c) should not be allowed where the movant seeks to add an entirely new claim or new theory of relief. *Id*. A claim raised after the expiration of the one-year limitation period is timely only if the claim "relates back" to the original motion. *Mayle v. Felix*, 545 U.S. 644, 649-50, 654-63 (2005); *United States v. Gonzalez*, 592 F.3d 675, 679-80 (5th Cir. 2009). A claim relates back only when the claim "arose out of the conduct, transaction, or occurrence set out in the original pleading." Fed. R. Civ. P. 15( c)(1)(B). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

AEDPA because Movant did not file them until June 24, 2020 – one year, two months and six days beyond the limitations deadline of April 18, 2019. Likewise, Movant's claim that the Government breached the plea agreement is untimely as well.

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). To qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). In making this determination, it should be noted the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process do not constitute extraordinary circumstances. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324 (1996). Additionally, the Fifth Circuit has held that "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To obtain the benefit of equitable

tolling, Movant must also establish he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Movant does not present evidence to show how he was prevented from timely filing the new issues raised in the instant § 2255 motion. He fails to show that "rare and extraordinary circumstances" prevented him from timely filing, *Davis*, 158 F.3d at 810-11, or that he exercised due diligence, *Palacios*, 723 F.3d at 604. In sum, Movant did not file the instant § 2255 motion until more than fourteen months beyond the limitations deadline, and he fails to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). For these reasons, all claims are untimely except for the two ineffective assistance of counsel claims that relate back to the First Motion and the claim based on the recent Supreme Court's decision in *Davis*, 139 S. Ct. 2319.

### III. WAIVER

Movant claims that he is entitled to relief because the Supreme Court's decision in *Davis* entitles him to relief. The Fifth Circuit upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The Fifth Circuit held that a waiver might not be enforceable against a § 2255 movant who claims that ineffective assistance of

counsel rendered that waiver unknowing or involuntary. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). It also held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

> Movant's plea agreement contains the following waiver:
>
> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceedings, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Crim. ECF (Dkt. #127 at 5). Additionally, the plea agreement states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id*. Movant's signed plea agreement also states:

> I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*Id*. at 6. Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." *Id*. at 4. Consequently, Movant's signed plea agreement shows that it was knowing and voluntary. Because the plea is knowing and voluntary, the waiver must be upheld on federal review. *Diaz,* 718 F.2d at 1376-77. Movant's claim that the Supreme Court's decision in *Davis* entitles him to relief is not a claim that he reserved for review. Thus, it is waived.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 666. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

As noted above, only two ineffective assistance of counsel claims are considered timely because they relate back to the First Motion. Although not clear, it appears that Movant first complains that Counsel's attempts to be paid for his legal representation constitutes ineffective assistance of counsel. Documents provided by Movant show that the fee dispute started prior to sentencing and continued for months afterward. Crim. ECF (Dkt. #300-2) and (Dkt. #1-1). Despite the unpaid fees, however, Counsel made it clear that he would "see this case to the end," and that he "continued to push" for a Rule 35 sentence reduction. (Dkt. #1-1 at 5). Movant fails to show that Counsel's performance was deficient or that the fee dispute affected the outcome of his case. *Strickland*, 466 U.S. at 694. Movant also fails to show that, but for Counsel's alleged conduct, he would not have pled guilty and would have insisted on going to trial. *Hill,* 474 U.S. 52, 57-59*; Clarke v. Cain*, 85 F.3d 624 (5th Cir. 1996). Movant fails to meet his burden.

The second ineffective assistance of counsel claim that relates back to the First Motion is Counsel's failure to object to the timing of the sentencing hearing. (Dkt. #1 at 8). This claim apparently arises because on the day of Movant's sentencing hearing, a "Final Revised Presentence

Report" was presented to Movant. Movant stated that he "wasn't given the appropriate time frame to review the revised PSR, so Attorney Scott H. Palmer was ineffective by not objecting to the timing of the sentencing hearing." Crim. ECF (Dkt. #300 at 3).

The second addendum to the PSR outlines the revisions to the Final Revised Presentence Report:

> The face sheet was updated to show the sentencing date. Page 2 was updated to show the sentencings of certain codefendants. Paragraphs 16, 19, and 100 were revised and show Allstate Insurance as a victim in the instant offense. Paragraph 100 was also revised to show restitution in the amount of $373,300 is owed to [a victim]. These changes had no impact on the defendant's sentencing guideline range.

Crim. ECF (Dkt. #262 at 29). As shown, these revisions minimally change the earlier PSR that Movant had reviewed. There was no change to the calculation of his offense level, criminal history, or range of sentencing. At the sentencing hearing, although the Final Revised PSR had only been recently presented, Movant stated in open court that he had read it and understood it. Crim. ECF (Dkt. #330 at 3). Movant's claim that Counsel should have objected to the timing of the sentencing hearing because he received a revised PSR on the day of sentencing is without merit. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). In sum, Movant fails to show there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Movant also fails to show he would not have pled guilty and would have insisted on going to trial, but for Counsel's alleged deficient performance. *Hill*, 474 U.S. at 57-59. Movant is not entitled to relief based on ineffective assistance of counsel.

## V.  CONCLUSION

In conclusion, the only timely claims for the Court's consideration were the two ineffective assistance of counsel claims raised in Movant's First Motion and the claim based on the Supreme Court's decision in *Davis,* 139 S. Ct. 2319. Because Movant's plea agreement was knowing and voluntary, the waiver provision barred consideration of the *Davis* claim as it was not an issue that he reserved for review. Regarding his ineffective assistance of counsel claims, Movant fails to show that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Likewise, he fails to show there is a reasonable probability that, but for Counsel's alleged deficient performance, he would not have pled guilty, and would have insisted on going to trial. *Hill*, 474 U.S. at 57-59. Having found no merit to Movant's claims, the § 2255 motion should be denied.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is recommended the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a `COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

### VII. RECOMMENDATION

It is recommended Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE